872 F.2d 1030
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Shirley LEWIS, a/k/a Shirley Strickland, a/k/a Charlotte
Lewis, Defendant-Appellant.
 Nos. 88-3391, 88-3440.
 United States Court of Appeals, Sixth Circuit.
 April 24, 1989.
 
 Before ENGEL, Chief Judge, BOGGS, Circuit Judge, and AVERN COHN,* District Judge.
 PER CURIAM.
 
 
 1
 In these consolidated appeals, Shirley Lewis challenges the sentences she received after entering pleas of guilty to a total of five offenses charged against her in two separate cases in the United States District Court for the Northern District of Ohio.
 
 
 2
 Lewis was charged in a one-count indictment, filed on June 17, 1987, with embezzling approximately $47,000.00 from AmeriTrust Company, a federally insured bank. 18 U.S.C. Sec. 656. The indictment alleges that the crime took place between April 14, 1986 and April 17, 1986, when Lewis worked as a temporary employee at AmeriTrust.
 
 
 3
 On December 17, 1987, the United States filed an information charging Lewis with four additional offenses, which she allegedly carried out by using information, stationery and an "access code" obtained while she worked at AmeriTrust. Count 1 charges Lewis with the unauthorized accessing, with intent to defraud, of a "Federal interest computer" between October, 1986 and March, 1987. 18 U.S.C. Sec. 1030(a)(4). Count 2 charges Lewis with the unauthorized use, with intent to defraud, of an "access device" (a credit card) between July 1, 1987 and October 30, 1987. 18 U.S.C. Sec. 1029(a)(2). In Count 3, Lewis is charged with attempting to execute a scheme and artifice to defraud a federally insured savings bank between January 1, 1986 and October 14, 1987. 18 U.S.C. Sec. 1344(a)(1). Finally, Count 4 of the information alleges that on November 19, 1987, Lewis falsely represented, with intent to deceive, her Social Security number. 42 U.S.C. Sec. 408(g)(2).
 
 
 4
 On December 21, 1987, Lewis entered pleas of guilty to all five of the offenses charged in the indictment and the information. The district court then referred the case to a United States probation officer for preparation of a presentence report. The subsequently filed report determines the guideline range for Count 4 of the indictment, the only offense that occurred after November 1, 1987, the effective date of the Sentencing Guidelines.[1] Lewis then submitted a presentence memorandum, which essentially asks for leniency, probation, and a departure from the guideline range for Count 4 recommended by the presentence report.
 
 
 5
 A sentencing hearing for both cases was held on April 14, 1988. At the hearing, the district court addressed a number of issues raised in the presentence report as well as those raised in Lewis' presentence memorandum. The court then decided to adopt the recommendations of the presentence report. The district court thereupon imposed a sentence of imprisonment of 60 months, the mandatory statutory maximum for the offense alleged in Count 4, followed by two years supervised release. The court also imposed sentences of two years of imprisonment for each of the other four offenses. All the sentences were ordered to run concurrently. Lewis was also ordered to pay a special assessment into the Crime Victim's Fund for each of the five offenses.
 
 
 6
 Lewis now appeals the district court's application of the Sentencing Guidelines and challenges the constitutionality of the sentences she received.
 
 
 7
 Upon careful review of the record, we determine that the sentence imposed for the offense set out in Count 4 of the indictment was neither imposed in violation of law nor as the result of an incorrect application of the Sentencing Guidelines. 18 U.S.C. Sec. 3742(d). We further find that the district court did not err in imposing separate but concurrent sentences for those counts not subject to the Guidelines.
 
 
 8
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The Sentencing Guidelines were promulgated by the United States Sentencing Commission, a body created under the Sentencing Reform Act of 1984, as amended. 18 U.S.C. Sec. 3551 et seq. and 28 U.S.C. Sec. 991-998